IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| LATRAVIS ALSTON, on behalf of himself and all similarly situated persons and entities, including, but not limited to MARCUS DANIELS, COURTNEY IRBY, YOLANDA FRAZIER, KATHIE MOORE, BRANDY SMITH, HARDY FRAZIER, ANGELA FRAZIER, and VON R. WEBBER. | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 07-2134 |
| v. | ) ) | |
| REGIONS BANK, N.A., PEOPLE'S CHOICE AUTO SALES, LLC, and JOSEPH P. WILLIAMS, a/k/a JOE WILLIAMS, individually and as an agent of PEOPLE'S CHOICE AUTO SALES, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

---

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT REGIONS BANK'S REPLEVIN CLAIMS**

---

On April 8, 2008, Defendant Regions Bank ("Regions") filed its Answer and Counter-Complaint in the above-captioned case asserting, _inter alia_, claims for replevin against six of the plaintiffs, LaTravis Alston ("Alston"), Brandy Smith ("Smith"), Marcus Daniels ("Daniels"), Courtney Irby ("Irby"), Angela Frazier ("Frazier"), and Von R. Webber ("Webber") (collectively, "Plaintiffs"), under Tenn. Code Ann. §§ 29-30-101 _et seq._, and

seeking possession of nine vehicles that served as collateral for automobile loans made by Regions.  Regions' claim for replevin and its motion for a possessory hearing were referred to United States Magistrate Judge Diane K. Vescovo for a hearing and report and recommendation.  The Magistrate Judge held an evidentiary hearing on August 22, 2008, and September 17, 2008.  On November 10, 2008, the Magistrate Judge entered a Report and Recommendation on Defendant Regions' Replevin Claims ("the Report"), recommending that Regions be awarded immediate possession of the vehicles.  Plaintiffs objected to portions of the Report on November 24, 2008, and Regions responded on December 9, 2008.  For the following reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation as set forth in this order, and Plaintiffs' objections are OVERRULED.

## I.   Jurisdiction and Choice of Law

This Court has jurisdiction under 28 U.S.C. § 1332.  Plaintiffs are citizens of the State of Tennessee.  Regions is a corporation organized and existing under the laws of the State of Alabama with its principal place of business in Birmingham, Alabama.  The amount in controversy exceeds $75,000.

Regions has sought relief under a Tennessee statute.  All parties assume that Tennessee law governs Plaintiffs' original claims and Regions' Counter-Complaint.  See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938) (directing federal courts to apply

2

state law for state law claims).  Therefore, the Court applies Tennessee substantive law.

## II.  Standard of Review

"A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).  After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed.  Id. at 151.

## III. Analysis

Plaintiffs argue that the Magistrate Judge's recommendation that Regions be awarded immediate possession of Plaintiffs' vehicles is "against the clear weight of the evidence and contrary to law as set forth in the November 10th Report." (Pls.' Objections to the Magistrate Court's Report and Recommendation on Defendant Regions Bank's Replevin Claims 3.) ("Pls.' Objections").  Plaintiffs object to certain of the

Magistrate Judge's proposed findings of fact and conclusions of law.

**A.   Objections to Proposed Findings of Fact**

Plaintiffs argue that, although the Magistrate Judge correctly found that Teresa Parsley ("Parsley"), a Vice President and branch manager of Regions, conspired to commit fraudulent acts in processing Plaintiffs' loans, Parsley's actions "are not at all analyzed or considered in regard to the individual transactions with Plaintiffs." (Pls.' Objections 3.) Plaintiffs argue that the Report "should address each Plaintiff individually." (Id. 4.) Regions responds that the Report's "proposed findings of fact set forth the evidence pertaining to each individual Plaintiff in great detail." (Regions Bank's Resp. to Pls.' Objections to the Magistrate Court's Report and Recommendation on Regions' Replevin Claims 6.) ("Regions' Resp.")

Witnesses at the evidentiary hearing provided extensive testimony about Parsley's involvement in Plaintiffs' transactions with Regions.  Ten different witnesses testified at the hearing, and the parties offered eighteen evidentiary exhibits.  Regions' Vice President of Consumer Collections testified about each loan and introduced the loan papers for each loan.  (8/22/08 Hearing Transcript at 15-36.)  Each Plaintiff whose vehicle is subject to the replevin action,

4

except for Alston, testified.  (9/17/08 Hearing Transcript at
10-123; 167-202.)  Each Plaintiff testified about his or her
personal experience with Parsley.  Witnesses testified about
Parsley's role in each of the transactions that is the subject
of Regions' replevin claim.[1]  (Id. at 15-24; 49-55; 77-81; 103-
106; 136-140; 152-155; 172-176; 187-193.)

Plaintiffs' argument inadequately characterizes the
Report's proposed findings of fact.  The section outlining the
proposed findings is divided into nine sub-sections in which
each Plaintiff, and each car purchased by each Plaintiff, is
treated individually.  (Report 3-12.)  The Report addresses each
transaction between Plaintiffs and Regions separately and in
detail.  (Id.)  The Magistrate Judge could not have presented
her findings of fact in a way that addressed each transaction
more individually.

Plaintiffs' contention that the Report "only refers to
Parsley . . . in its analysis" in two isolated instances is a
misreading.  (Pls.' Objections 3-4.)  The two instances
Plaintiffs cite are the only places in which the proposed
findings refer to Parsley by name.  References to Parsley's
actions, however, occur throughout the Report.  For example,
each time the Report refers to a loan document that misstated a

---

[1] Although Alston did not testify at the hearing, a Regions employee testified
about Alston's transaction.  (8/22/08 Hearing Transcript at 16-19.)  It is
undisputed that Parsley was the loan officer in that transaction.

Plaintiff's income, or a loan amount that exceeded the purchase price of a car, or the process of signing the loan documents with the Regions loan officer, the Report refers to and considers Parsley's actions. It is undisputed that Parsley was the only Regions officer who fraudulently obtained approval for Plaintiffs' loans. Plaintiffs and other witnesses testified that Parsley was the Regions employee who processed all of Plaintiffs' loans. (9/17/08 Hearing Transcript at 15-24; 49-55; 77-81; 103-106; 136-140; 152-155; 172-176; 187-193.) Although the proposed findings of fact do not always refer to Parsley by name, a comparison of the hearing testimony and the detailed descriptions of each transaction contained in the Report confirms that Parsley's actions are fully considered and incorporated in the proposed findings of fact. The Report's proposed findings of fact are ADOPTED.

**B. Objections to Proposed Conclusions of Law**

Plaintiffs argue that the Magistrate Judge's finding that Parsley "conspired with the owner of People's Choice to commit certain fraudulent acts" is inconsistent with her conclusion that each Plaintiff had a sufficient opportunity to read the loan documents and was not fraudulently induced to sign them. (Pls.' Objections 4-5.) Plaintiffs argue that the Magistrate Judge's reasoning that Plaintiffs "simply chose not to read" the documents demonstrates that she applied an incorrect legal

standard in reaching her conclusion. (Id.) Plaintiffs also
argue that the Magistrate Judge incorrectly concluded that Tenn.
Code Ann. § 47-1-203, which imposes a duty of good faith upon a
secured party, does not bar Regions' recovery of the vehicles.
(Id. 5-6.)

Regions replies that Parsley's pleading guilty to bank
fraud and conspiracy to commit bank fraud is not inconsistent
with the Magistrate Judge's determination that Regions did not
fraudulently induce Plaintiffs to sign the loan documents.
(Regions' Resp. 5-6, 9-10.) Regions also argues that the
Tennessee Uniform Commercial Code does not bar Regions' recovery
of the cars because Parsley's actions did not constitute fraud
on Plaintiffs. (Id. 10.)

A finding that Parsley conspired with the owner of People's
Choice to commit fraudulent acts does not conflict with the
legal conclusion that Plaintiffs were not fraudulently induced
to sign the loan documents. Plaintiffs single out the finding
that Plaintiffs "simply chose not to" read the loan documents.
Isolating this single phrase ignores other aspects of the
Report's reasoning and conclusions.

Tennessee law recognizes a presumption in favor of the
validity and regularity of written instruments. Estate of Acuff
v. O'Linger, 56 S.W.3d 527, 531-32 (Tenn. Ct. App. 2001). This
general rule does not apply "when neglect to read the contract

is not due to carelessness alone, but was induced by some stratagem, trick, or artifice on the part of the one seeking to enforce the contract." <u>Teague Bros., Inc. v. Martin & Bayley, Inc.</u>, 750 S.W.2d 152, 158 (Tenn. Ct. App. 1987) (citations omitted). Although Plaintiffs are correct that the test for the presumption of validity is not "whether Plaintiffs were denied the right to read the documents," the Report goes on to state that "Plaintiffs failed to prove that they were deceived in any way about the essential terms of the Security Agreements." (Report 15.) This conclusion states the correct legal standard. It is based on many findings, <u>including</u> the fact that Plaintiffs had an opportunity to read the documents and chose not to do so.

All Plaintiffs admit to signing the loan documents. (<u>Id.</u> 13.) Each Plaintiff understood that he or she was granting Regions a security interest in the vehicle. (<u>Id.</u> 13-14.) Each Plaintiff understood that Regions had the right to repossess the vehicle if a payment was missed. (<u>Id.</u>) Each Plaintiff received the vehicle he or she wanted. (<u>Id.</u> 14.) Each Plaintiff either negotiated his or her own monthly payment or knew the amount of the monthly payment before signing the Security Agreement.[2] (<u>Id.</u>) Based on these facts, Plaintiffs agreed to the essential terms of the Security Agreements. Regions did not induce them

---

[2] All of these facts are included in the Magistrate Judge's Report. Because Plaintiffs do not object to them, these findings are adopted. <u>See</u> <u>Thomas</u>, 474 U.S. at 150-51.

to sign the Agreements through some fraudulent means.  The Teague Bros. exception to the presumption in favor of the validity and regularity of written instruments does not apply.

Plaintiffs' insistence that Parsley's fraudulent behavior precludes Regions from recovering the vehicles is also misplaced.  That Parsley pled guilty to bank fraud does not lead to the conclusion that Parsley fraudulently induced Plaintiffs to sign the documents or that Regions violated its duty of good faith as a secured party.  Parsley pled guilty to defrauding Regions, not to consumer fraud.  Thus, as consumers, Plaintiffs must offer some additional evidence that Parsley defrauded them in order to bar Regions' replevin claim for fraudulent inducement or lack of good faith.  The findings of fact do not suggest that Plaintiffs were the victims of fraud.  To the contrary, Plaintiffs were not deceived and agreed to the essential terms of the Security Agreements.  The Report's proposed conclusions of law are ADOPTED.

## IV.  Conclusion

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation granting Regions' replevin claims for immediate possession of the vehicles.  Plaintiffs' objections are OVERRULED.

So ordered this 21st day of January, 2009.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT COURT